UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| ANGELA PEREZ DOWLING, |
| Petitioner, |
| -against- |
| ATTORNEY GENERAL'S OFFICE, |
| Respondents. |

1:26-CV-4204 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Angela Perez Dowling, of Harrison, New Jersey, brings this *pro se* action against what appears to be the Office of the Attorney General of the United States of America ("OAGUSA"). The Court construes Petitioner's complaint as seeking a tax refund from the United States of America under 28 U.S.C. § 1346(a)(1). For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

## DISCUSSION

Venue for Petitioner's claims under 28 U.S.C. § 1346(a)(1) is governed by 28 U.S.C. § 1402(a). *In re Tax Refund Litigation*, 723 F. Supp. 922, 924 (E.D.N.Y. 1989); *see Perez v. IRS*, No. 1:26-CV-3665 (LTS), 2026 WL 1292797, at *1 (S.D.N.Y. May 8, 2026). Under Section 1402(a)(1), a civil action brought by an individual may be brought "in the judicial district where plaintiff resides." 28 U.S.C. 1402(a)(1). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Here, Petitioner[1] alleges that she resides in New Jersey. (ECF 1, at 2.) Because Petitioner alleges no facts suggesting that she resides in this judicial district, it is clear from the face of the complaint that venue is not proper in this court under Section 1402(a)(1).

---

[1] For the purposes of this order, the Court regards Petitioner Angela Perez Dowling as

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Petitioner resides in New Jersey, which constitutes one federal judicial district, the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the United States District Court for the District of New Jersey and, in the interest of justice, the Court transfers this action to that court. *See* § 1406(a).

### CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. *See* 28 U.S.C. § 1406(a). Whether Petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.[2]

The Court certifies, under 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 2, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

Plaintiff and Respondent OAGUSA as Defendant.

[2] The Court notes that, by order dated May 26, 2026, the court recounted Petitioner's history of filing non-meritorious *pro se* civil actions in this court and directed her to show cause why the court should not bar her from filing further civil actions in this court *in forma pauperis* without first obtaining the court's permission. *Perez v. US Treasury Inspector Gen.*, ECF 1:26-CV-4161, 5 (S.D.N.Y. May 26, 2026).